UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                              Case No.: 8:21-cr-362-VMC-AAS

DONOVAN SHABAZZ
_____/

**ORDER**

This matter comes before the Court pursuant to Donovan Shabazz's pro se Motion to Dismiss Indictment (Doc. # 66) and pro se construed Motion for Hearing (Doc. # 67), both filed on May 5, 2023.[1] The United States of America responded on May 22, 2023. (Doc. # 70). For the reasons that follow, the Motion to Dismiss is denied and the construed Motion for Hearing is denied as moot.

**Discussion**

"This Court may resolve a motion to dismiss in a criminal case when the 'infirmity' in the indictment is a matter of law and not one of the relevant facts is disputed." United

---

[1] Following a Faretta hearing and the withdrawal of previous counsel at Mr. Shabazz's request, Mr. Shabazz is representing himself. (Doc. # 65).

1

States v. Al-Arian, 308 F. Supp. 2d 1322, 1332 (M.D. Fla. 2004).

Here, the Indictment charges Mr. Shabazz with being a felon in possession of ammunition (Count One) and possession with intent to distribute marijuana (Count Two). (Doc. # 1). Mr. Shabazz argues that the Indictment must be dismissed because it violates double jeopardy and is collaterally estopped by his prior state charges. (Doc. # 66 at 4-7).[2] Mr. Shabazz emphasizes that he was acquitted in state court of various charges, including third degree murder, arising from the same incident underlying the federal charges. (Id. at 1-4). During this incident, Mr. Shabazz shot another man with whom he was having a dispute. (Id.).

Because he was acquitted of the state charges arising from the same incident, Mr. Shabazz maintains that he cannot

---

[2] It is not entirely clear whether Mr. Shabazz argues that the entire Indictment should be dismissed for violating double jeopardy or whether he raises the double jeopardy argument only as to Count One of the Indictment. Even if Mr. Shabazz is seeking only to dismiss Count One for being a felon in possession of ammunition, the Motion is denied for the reasons explained in the Order, and there is no basis to "remand the possession of cannabis [charge] to the 13th Judicial circuit Court," as Mr. Shabazz requests. (Doc. # 66 at 8).

be charged in federal court with possession of the shell casings from the gun used in the shooting. (Id. at 4-7).

This argument misapprehends the Fifth Amendment's Double Jeopardy Clause. The Motion to Dismiss Indictment is denied because the United States of America, which is charging Mr. Shabazz in this case, is a separate sovereign from the State of Florida, which charged Mr. Shabazz in the previous case.

The Double Jeopardy Clause provides, "No person shall . . . be twice put in jeopardy" "for the same offence." U.S. Const. amend. V. But, as the Supreme Court recently reiterated, "an 'offence' is defined by a law, and each law is defined by a sovereign. So where there are two sovereigns, there are two laws, and two 'offences.'" Gamble v. United States, 139 S. Ct. 1960, 1965 (2019). "The Clause by its terms does not prohibit twice placing a person in jeopardy 'for the same *conduct* or *actions*.'" Denezpi v. United States, 142 S. Ct. 1838, 1844 (2022) (quoting Gamble, 139 S. Ct. at 1965).

Thus, under the dual-sovereignty doctrine, the United States of America may prosecute a defendant under federal law even if the state government has prosecuted him for the same conduct under a state statute, or vice-versa. Gamble, 139 S. Ct. at 1964; see also United States v. Williams, 347 F. Supp. 3d 1011, 1013 (N.D. Ala. 2018) ("Because Alabama and the

3

United States are separate sovereigns, Williams' single act (possessing a firearm on December 1, 2017 while having a prior felony conviction) is 'an offense against the peace and dignity of both' sovereigns and thus punishable 'by each.'" (citations omitted)).

Mr. Shabazz's invocation of collateral estoppel is likewise unavailing. "The Constitution's protection against double jeopardy embodies the principle of collateral estoppel, which provides 'that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.'" United States v. Willis, 981 F.3d 511, 515 (6th Cir. 2020) (quoting Ashe v. Swenson, 397 U.S. 436, 443 (1970)). This Court agrees with those courts that have held that the United States of America is not collaterally estopped from prosecuting charges based on the same events underlying state charges for which a defendant was acquitted.[3]

---

[3] The Eleventh Circuit has not yet decided whether collateral estoppel (also called "issue preclusion") applies to criminal prosecutions by separate sovereigns. See United States v. Lewis, 40 F.4th 1229, 1238 (11th Cir. 2022) ("[W]e again conclude that it is not necessary to decide whether issue preclusion may apply in successive criminal prosecutions involving multiple sovereigns. Even assuming that it could apply if all of the elements were met, it would not apply here because Lewis has not established privity between the

4

See Willis, 981 F.3d at 515 ("Because two sovereigns are permitted to prosecute [a defendant] for the same offense, it would be anomalous indeed if the United States were denied the lesser power of proving the underlying facts of such offenses." (citations and internal quotation marks omitted)); United States v. Douglas, 336 F. App'x 11, 14 (2d Cir. 2009) ("[N]either double jeopardy nor collateral estoppel precluded the federal government from bringing charges based on the same events that inspired the state law charges for which Douglas was previously tried and acquitted."); United States

---

state and federal prosecuting authorities in this case."); United States v. Perchitti, 955 F.2d 674, 676 (11th Cir. 1992) ("[W]e need not decide the applicability of issue preclusion to successive criminal prosecutions by multiple sovereigns, because there was no privity between Florida and the United States in this case."). Even if collateral estoppel was an available argument here, Mr. Shabazz's argument would still fail because he has not established privity between the state and federal authorities. See Lewis, 40 F.4th at 1238 ("Because issue preclusion applies only when the same issue has been decided *against the same party*, a litigant seeking to invoke it against a third party must show some kind of privity between the original and current opposing parties."). For example, he does not show that the state prosecutors were acting as a tool of, or were even substantially controlled by, the federal prosecutors in this case. See Id. at 1238-39 (finding that issue preclusion would not apply because the defendant had "not established privity between the state and federal prosecuting authorities in this case" because he had "not shown that the state prosecutors were acting as a 'tool' of, or were even 'substantially controlled' by, the federal prosecutors").

5

v. Peterson, 100 F.3d 7, 12 (2d Cir. 1996) ("[C]riminal collateral estoppel, a relative of double jeopardy, generally may not be invoked against one sovereign on the basis of a ruling in a prosecution brought by a different sovereign." (citation omitted)); United States v. Kummer, 15 F.3d 1455, 1461 (8th Cir. 1994) ("Kummer next maintains that his conviction should be barred under the doctrine of res judicata since his innocence was affirmed by the North Dakota Supreme Court. We reject this argument for the same reasons that we rejected Kummer's double jeopardy argument. The collateral estoppel and res judicata doctrines do not apply when different sovereigns and, thus, different parties are involved in criminal litigation.").

In short, Mr. Shabazz's acquittal on charges brought by the State of Florida does not render unconstitutional his prosecution by the United States for his alleged violations of federal law. The Motion to Dismiss Indictment is accordingly denied.

Because the Court was readily able to determine that the Motion to Dismiss Indictment lacks merit, no hearing on that Motion is required. Thus, Mr. Shabazz's construed Motion for Hearing is denied as moot.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Donovan Shabazz's pro se Motion to Dismiss Indictment (Doc. # 66) is **DENIED**. Likewise, his pro se construed Motion for Hearing (Doc. # 67) is **DENIED as moot.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 24th day of May, 2023.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE