UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                          Case No.: 8:21-cr-362-VMC-AAS

DONOVAN SHABAZZ
_____/

**ORDER**

This matter comes before the Court pursuant to Donovan Shabazz's pro se Motion for Disclosure under Brady/Giglio (Doc. # 233), Motion for Production of Evidence (Doc. # 234), and Motion to Produce Grand Jury Transcripts (Doc. # 235), all filed on March 3, 2025. The United States of America responded in opposition on March 26, 2025. (Doc. # 249). For the reasons that follow, the Motions are denied.

**I.   Background**

Mr. Shabazz is charged, via superseding indictment, with being a felon in possession of ammunition (Count One), possession with intent to distribute marijuana (Count Two), and being a felon in possession of firearms and ammunition (Count Three). (Doc. # 76). The Court entered its pre-trial discovery order on November 17, 2021. (Doc. # 17). The order lays out the United States's obligation to turn over material

1

within the scope of Brady v. Maryland, 373 U.S. 83 (1963), United States v. Agurs, 427 U.S. 97 (1976), United States v. Giglio, 405 U.S. 150 (1972), and Napue v. Illinois, 360 U.S. 264 (1959). (Id. at 3). It also outlines the discovery obligations of the parties under Federal Rule of Criminal Procedure 16. (Id. at 1-3). The order further states:

> The Court will not entertain any motion relating to discovery unless counsel for the moving party certifies to the Court, in writing: (1) that counsel for the parties have been unable to resolve their differences or reach an agreement after holding a conference or that opposing counsel has refused to confer without good cause; and (2) that the motion concerns matters which are not covered by this order and that the relief requested is supported by a factual and legal showing as set forth in the motion and memorandum.

(Id. at 4).

After multiple attorneys have withdrawn over the multiple years of this case, Mr. Shabazz is now representing himself. In his pro se Motions, Mr. Shabazz seeks an order from the Court directing the United States to produce various evidence, including Brady and Giglio material, grand jury transcripts, and other documents. (Doc. ## 233-235).

The United States has responded. (Doc. # 249). The United States credibly asserts that it "has served seven different discovery productions to [Mr. Shabazz's] attorneys over the past several years." (Doc. # 249 at 4). It maintains that all

2

the documents Mr. Shabazz requests in his Motions "have either already been provided to him, or, [] he is not entitled to." (Id.). The Motions are ripe for review.

## II. Discussion

### A. Brady and Giglio

In his Motion for Disclosure under Brady/Giglio, Mr. Shabazz requests production of "all discovery or exculpatory information pursuant to Brady [], Giglio [], or progeny." (Doc. # 233 at 1). He also requests production of "all information discoverable under any Federal rule or any local rule applicable to Federal criminal cases." (Id. at 2).

"In addition to the government's discovery obligations under Rule 16(a), the government must also honor the defendant's constitutional rights, particularly the due process right Brady [] established." United States v. Jordan, 316 F.3d 1215, 1251 (11th Cir. 2003). "The defendant's right to the disclosure of favorable evidence, however, does not 'create a broad, constitutionally required right of discovery.'" Id. (quoting United States v. Bagley, 473 U.S. 667, 675 n.7 (1985)). "Indeed, a 'defendant's right to discover exculpatory evidence does not include the unsupervised right to search through the [government's] files,' . . . nor does the right require the prosecution to

3

deliver its entire file to the defense." Id. at 1251–52 (citations omitted). "Rather, Brady [and Giglio] obligate[] the government to disclose only favorable evidence that is 'material,'" such that "there is a reasonable probability the evidence could affect the outcome of the trial." Id. at 1252 & n.81. "[M]ere speculation or allegations that the prosecution possesses exculpatory information will not suffice to prove 'materiality.'" Id. at 1252 n.81. Furthermore, "the government is under no duty to direct a defendant to exculpatory evidence within a larger mass of disclosed evidence." United States v. Skilling, 554 F.3d 529, 576 (5th Cir. 2009), aff'd in part, vacated in part, remanded, 561 U.S. 358 (2010).

The Motion is denied. As an initial matter, the Court's pre-trial discovery order already outlined the requirement to produce Brady and Giglio evidence. See (Doc. # 17 at 3) (ordering the Government to "reveal to the defendant and permit inspection and copying of all information and material known to the Government which may be favorable to the defendant on the issue of guilt or punishment within the scope of Brady" and to "disclose to the defendant the existence and substance of any payments, promises of immunity, leniency, preferential treatment, or other inducements made to

4

prospective Government witnesses, within the scope of" Giglio, as well as "a record of prior convictions of any witness who will testify for the Government at trial"). Furthermore, the Court credits the United States's representation that it "has already complied with this order so far and will continue to do so." (Doc. # 249 at 6). Thus, the United States has already disclosed Brady and Giglio evidence as appropriate. Mr. Shabazz has not shown that the United States's disclosure has been insufficient. The Court will not order the United States to disclose evidence beyond that already disclosed based on Mr. Shabazz's unspecified suspicion that additional Brady or Giglio material exists.

To the extent this Motion also requests additional discovery from the United States that is not Brady or Giglio material (Doc. # 233 at 2), the Motion is denied for failure to comply with the Court's pre-trial discovery order. That order requires that every discovery motion contain a certification in writing "(1) that counsel for the parties have been unable to resolve their differences or reach an agreement after holding a conference or that opposing counsel has refused to confer without good cause; and (2) that the motion concerns matters which are not covered by this order and that the relief requested is supported by a factual and

legal showing as set forth in the motion and memorandum." (Doc. # 17 at 4). Mr. Shabazz's Motion lacks this required certification. Furthermore, the United States has asserted that it has already disclosed to Mr. Shabazz all the requested discovery to which he is entitled. The Motion is thus denied.

B.   **Grand Jury Evidence**

In his Motion to Produce Grand Jury Transcripts, Mr. Shabazz requests production of the grand jury transcripts from November 9, 2021, and "the additional attachments that were added on November 10, 2021," and the grand jury transcripts and "all attachments to superseding indictment that took place on or about May 31, 2023, and June 2, 2023." (Doc. # 235 at 1). According to Mr. Shabazz, "the importance of the grand jury transcripts is for the defense to test for materiality and that of false statements that was capable of influencing or misleading a tribunal on any proper matter of inquiry." (Id. at 1-2).

"Grand jury proceedings, both state and federal, have long been protected by a veil of secrecy. The secrecy of the grand jury is sacrosanct." United States v. Phillips, 843 F.2d 438, 441 (11th Cir. 1988). Federal Rule of Criminal Procedure 6(e) explicitly provides for the secrecy of grand jury proceedings with only limited exceptions. Fed. R. Crim.

P. 6(e). "Rule 6(e) strikes a balance between the need for grand jury secrecy and the competing need of disclosure of grand jury proceedings and information presented to the grand jury in situations in which the interest of justice demands disclosure." Phillips, 843 F.2d at 441. "Rule 6(e)(3)(E)'s list of exceptions to the general rule of grand jury secrecy is exclusive, and [] district courts may not rely on their inherent, supervisory power to authorize disclosure of grand jury materials outside the bounds of that rule." Pitch v. United States, 953 F.3d 1226, 1236 (11th Cir. 2020).

Additionally, a "petitioner is not entitled to the release of grand jury materials simply because his or her request falls within a listed exception to grand jury secrecy." Id. at 1238. "A defendant's effort to obtain grand jury materials can only succeed with a showing of 'particularized need.'" United States v. Burke, 856 F.2d 1492, 1496 (11th Cir. 1988) (quoting United States v. Procter & Gamble Co., 356 U.S. 677, 683 (1958)). "The decision to disclose grand jury proceedings is a matter within the district court's discretion." Id. "Particularized need is not shown by a general allegation that grand jury materials are necessary for the preparation of a motion to dismiss." Id.

The Court agrees with the United States that Mr. Shabazz has not shown a particularized need for the grand jury transcripts. (Doc. # 249 at 6-7). Even assuming his request falls within one of Rule 6(e)(3)(E)'s exceptions to secrecy, Mr. Shabazz's generalized claims that the transcripts are needed to prepare for trial and to assess the existence of unspecified false statements are insufficient. The Motion is denied.

### C. Other Evidence

Finally, in his Motion for Production of Evidence, Mr. Shabazz seeks a variety of additional evidence, including — among other things — the phone numbers of ATF agents who called the woman who gave consent to search the apartment she shared with Mr. Shabazz, audio of all of Mr. Shabazz's phone calls from jail, and a list of every detective and ATF agent who participated in Mr. Shabazz's arrest. (Doc. # 234 at 1-3).

The Motion is denied for failure to comply with the Court's pre-trial discovery order. Again, that order requires that every discovery motion contain a certification in writing "(1) that counsel for the parties have been unable to resolve their differences or reach an agreement after holding a conference or that opposing counsel has refused to confer

without good cause; and (2) that the motion concerns matters which are not covered by this order and that the relief requested is supported by a factual and legal showing as set forth in the motion and memorandum." (Doc. # 17 at 4). Mr. Shabazz's Motion lacks this required certification. It is thus denied for this reason.

Furthermore, the Court agrees with the United States that the items Mr. Shabazz requests are not covered by Rule 16 or the pre-trial discovery order. (Doc. # 249 at 7). The United States has already disclosed the reports it must disclose regarding the arrest and the DNA testing, as well as other matters. (Id. at 8). Thus, even if this Motion were procedurally proper, it would be denied on the merits.

Because the Court was readily able to determine that all three Motions lack merit, no hearing on the Motions will be held.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Donovan Shabazz's pro se Motion for Disclosure under Brady/Giglio (Doc. # 233), Motion for Production of Evidence (Doc. # 234), and Motion to Produce Grand Jury Transcripts (Doc. # 235) are **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>1st</u> day of April, 2023.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE